[Civ. No. 7583. First Appellate District, Division Two.—October 4, 1930.]

CLIFFORD L. BARTLETT, Petitioner, v. THE SUPERIOR COURT OF MARIN COUNTY et al., Respondents.

Joseph Harris Brewer for Petitioner.

Carlos R. Freitas and Jos. L. Taaffe, for Respondents.

NOURSE, P. J.—This is an original application to prohibit the Superior Court, sitting in Marin County, from hearing a proceeding in *habeas corpus* directed to the petitioner at his home in Pasadena, Los Angeles County, to determine the custody of his two minor children who were living with him at the time in the latter county. Prohibition is sought on the theory that the Superior Court in Marin County is without jurisdiction to bring petitioner or the children from another county to answer before the court in Marin.

The jurisdiction of the superior court is found in section 5 of article VI of the Constitution, which reads in

part: "Said courts, and their judges, shall have power to issue writs of *mandamus, certiorari,* prohibition, *quo warranto,* and *habeas corpus,* on petition by or on behalf of any person in actual custody, in their respective counties." This is the wording of the section as amended in 1911. The original section contained the same language but omitted the comma after the word "custody".

In passing on the question of jurisdiction in *mandamus* the Supreme Court, in *Kings County* v. *Johnson,* 104 Cal. 198, 203 [37 Pac. 870], held that the superior court, under this section, could issue a writ of *mandamus* to run out of the county. In so holding, the Supreme Court commented on the absence of a comma or other punctuation as indicating the intention not to limit the jurisdiction of the superior court in this respect.

The purpose of inserting the comma in the amendment of 1911 is not clear. It was not called to the attention of the voters in the literature submitting the proposal—the purpose of the amendment was to eliminate justices' courts from the section in conjunction with the amendment of the same character to section 1 of article VI which was submitted to the electors at the same time.

In the absence of authority interpreting the section as amended, we would be compelled to hold, on first impression, that the insertion of the comma would have the effect of making the clause "in their respective counties" modify all the writs mentioned in the sentence so that the jurisdiction of the superior courts would be limited to the issuance of these writs running only to persons and inferior tribunals within their respective counties. But the presence or absence of a comma does not change the meaning of the section in so far as writs of *habeas corpus* are concerned as the clause "in their respective counties" modifies "*habeas corpus*" with or without a comma. As to these writs the court's jurisdiction is confined to those persons in actual custody in their respective counties. It is a matter of common knowledge that such has been the practice since the Constitution of 1849 was adopted. Furthermore, it is the only sound interpretation to be given the section. It is inconceivable that the electors would knowingly confer upon every judge of the fifty-eight counties the power to transport a citizen to a distant part of the state to show under

what authority he is held in custody in another section. It is also inconceivable that this same power would have been conferred to summon a sheriff, or other peace officer, to a distant county to show by what authority he holds a prisoner in custody in his own county. We are satisfied, simply on the grounds of reason, that the jurisdiction in *habeas corpus* is limited to those persons in actual custody in the county where the superior court is sitting, though, of course, the *process* of the court in the exercise of this jurisdiction is statewide.

Respondent raises the additional point that the writ of prohibition should not issue because the petition fails to allege that the petitioner first demanded that the respondent court dismiss the proceedings. True it is that, ordinarily, prohibition will not issue where no effort has been made to obtain the relief in the court which it is sought to prohibit (25 Cal. Jur., p. 627). But here the force of the argument is lost by counsel's statement in open court that the respondent court intends to proceed with the hearing unless restrained by this court. Thus, to require the petitioner to seek relief there or to amend his petition to allege the futility of demand would merely delay these proceedings and would serve no purpose to any party concerned.

The rule is not an arbitrary one, but, like the rule in *mandamus,* is relaxed when to insist upon it would be of no service. A better example for the nonapplication of the rule could not be found than in the case we have here. The petitioner has been cited to come from the southern part of the state and to produce his two minor daughters before the court in Marin County. The expense of making an appearance for the purpose of attacking the court's jurisdiction is a sufficient excuse for passing the rule in view of the other circumstances noted.

Let a peremptory writ issue as prayed.

Sturtevant, J., and Spence, J., concurred.