[Civ. No. 49582. Second Dist., Div. Four. Feb. 9, 1977.]

STEVEN R. MANDELL, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
BARRY S. GOLDSMITH, Real Party In Interest.

2

COUNSEL

Pancer & Siegman and Hugh M. Siegman for Petitioner.

John H. Larson, County Counsel, and John P. Farrell, Deputy County Counsel, for Respondent.

No appearance for Real Party in Interest.

## Opinion

**FILES, P. J.**—This is a proceeding brought by an attorney seeking a writ of mandate to compel the superior court to grant his motion to be relieved as counsel of record for a defendant in a felony prosecution. Because of the importance of the issue, arising out of the firm devotion of the trial judge to an untenable concept, we issued an order to show cause. The county counsel has filed a return on behalf of the superior court. The essential facts are not in dispute.

Petitioner was employed by a defendant to represent him at a preliminary examination upon a felony charge. Petitioner did appear and serve as counsel at the preliminary. At the conclusion of the preliminary, the defendant was held to answer, and was ordered to appear in the superior court on August 25, 1976, for arraignment. Defendant appeared in the superior court on August 25, as directed, but petitioner was absent. Upon inquiry by the judge, the defendant told the court that he had to "drop" his attorney because he could not afford the fee. The court then directed the clerk to telephone petitioner's office. The arraignment was put over to the following day.

The next morning petitioner and the defendant were present in the superior court. Petitioner explained that the reason he had not been present for the arraignment was that he had been retained for the preliminary only. He then asked the superior court to relieve him. The superior court judge then stated that if counsel had made a "general appearance" at the preliminary, he would not be relieved. Petitioner said he could not remember whether he had stated at the preliminary that his appearance was for that hearing only. The superior court judge then said he would give counsel an opportunity to show, if he could, from the minutes of the municipal court or from the reporter's transcript, that he had made a "special appearance" at the preliminary. The arraignment was then put over to September 14.

On that day petitioner advised the superior court that he could not find any written proof that he had used the words "special appearance" at the preliminary hearing, and he again asked the court to relieve him. The court responded that since petitioner had evidently failed to announce a limited appearance at the preliminary, he was "on the hook, so to speak." The court said: "And in that regard if you do not make a special appearance that would limit it up to the time of the arraignment as far as I know and the historic cases so have held that you have made a

general appearance and are required to continue the representation of the defendant throughout the case."

Petitioner then asked for time to seek review in an appellate court. With defendant's consent, the court postponed the time of plea so that petitioner might seek a writ.

■ The applicable law is set forth in Code of Civil Procedure section 284 which provides as follows: "The attorney in an action or special proceeding may be changed at any time before or after judgment or final determination, as follows:

"1. Upon the consent of both client and attorney, filed with the clerk, or entered upon the minutes;

"2. Upon the order of the court, upon the application of either client or attorney, after notice from one to the other."

This section is applicable to criminal cases. (*In re Haro* (1969) 71 Cal.2d 1021, 1029 [80 Cal.Rptr. 588, 458 P.2d 500].)

■ The case law establishes that the court has discretion to deny an attorney's request to withdraw where such withdrawal would work an injustice or cause undue delay in the proceeding. (See, e.g., *People v. McCracken* (1952) 39 Cal.2d 336, 350 [246 P.2d 913]; *People v. Murphy* (1973) 35 Cal.App.3d 905, 921 [111 Cal.Rptr. 295]; *People v. Collins* (1966) 242 Cal.App.2d 626, 636 [51 Cal.Rptr. 604].) But the court's discretion in this area, as elsewhere in the law, is one to be exercised reasonably. ■ Here there was no reason at all for refusing to relieve counsel except the court's notion that counsel had placed himself "on the hook" by inadvertence at the time of the preliminary.

The superior court apparently did not doubt what was said by petitioner and his client: that is, petitioner was retained for the preliminary only with the understanding that another fee would be due if he appeared in the superior court; and the defendant was unable to pay the additional fee. The superior court indicated its willingness to relieve petitioner if only he could demonstrate that he had said "special appearance" at the time of the preliminary examination. We know of no authority for that arbitrary distinction.

The return filed on behalf of the superior court alleges as an affirmative defense: "The custom of the profession is that any privately retained attorney who enters a general appearance for a client at the municipal court arraignment and preliminary hearing will continue to represent that client through the conclusion of the trial in the superior court."

At oral argument we asked the county counsel if he wished to offer any evidence in support of the alleged custom. His reply was that the "custom" mentioned in the return was one which would justify the exercise of discretion.

The existence of discretion is confirmed by the case law, but that does not justify the doctrine of "on the hook" applied in this case.

Let a peremptory writ of mandate issue requiring the superior court to grant petitioner's motion to be relieved as attorney for defendant in the criminal case referred to in the petition.

Dunn, J., and Jefferson (Bernard), J., concurred.