[No. H025600. Sixth Dist. Oct. 24, 2003.]

DENNIS ALAN LEMPERT, Petitioner, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent;
ROBERT HOYLAND CAMPBELL, et al., Real Parties in Interest.

## COUNSEL

Dennis Alan Lempert and Joanne Madden for Petitioner.

Ann Miller Ravel, County Counsel, and David E. Kahn, Deputy County Counsel for Respondent.

No appearance for Real Parties in Interest.

Jose R. Villarreal, Public Defender, Ronald A. Norman and Mary J. Greenwood, Assistant Public Defenders, and Barbara B. Fargo, Deputy Public Defender as Amicus Curiae.

## OPINION

**RUSHING, P. J.**—Petitioner Dennis Alan Lempert is the attorney for real party in interest Robert Hoyland Campell, who is a defendant in criminal proceedings pending in the superior court. Defendant Campbell was charged by felony complaint and retained Attorney Lempert to represent him through the preliminary examination but not for trial. Defendant was held to answer,

and, at arraignment on the information, petitioner made a "special appearance" and advised the court that the matter should be referred to the public defender. The superior court refused to allow petitioner to withdraw because counsel had previously made a "general appearance," and the court required counsel to file a formal motion to withdraw. After counsel filed the motion requested by the court, the superior court denied the motion to withdraw. Petitioner now seeks writ review of respondent court's order denying the motion to withdraw. We agree with petitioner that respondent court erred by requiring a formal motion to withdraw at this stage of the proceedings and that respondent court abused its discretion in denying the motion to withdraw. Therefore, we will issue a peremptory writ in the first instance directing respondent court to grant the motion to withdraw.

## FACTS AND PROCEDURAL HISTORY

Defendant Campbell was charged by felony complaint with rape by force (Pen. Code, § 261, subd. (a)(2))[1] and unlawful sexual intercourse with a minor (§ 261.5, subd. (c)). Defendant was arraigned on the felony complaint on November 21, 2001, and was represented by the Alternative Public Defender's Office. Subsequently, defendant retained Attorney Lempert to represent him through the preliminary examination, and Attorney Lempert substituted in as attorney of record for defendant on April 18, 2002. Attorney Lempert represented defendant at the preliminary examination on January 6–7, 2003. At the conclusion of the preliminary examination, defendant was held to answer on four felony counts, and he was ordered to appear in department 24 of the superior court on January 21, 2003.

On January 21, 2003, defendant was arraigned on the information. Attorney Richard Wingerden, specially appearing for Attorney Lempert, requested the matter be referred to the public defender for representation of defendant. The trial court inquired whether counsel had previously made a "general appearance" in the matter. In response, counsel indicated that a general appearance had been made in the "lower court." The trial court concluded that counsel was still attorney of record and advised counsel to file a motion to be relieved if that was his intention. Defendant entered a plea of not guilty and waived his speedy trial rights.

On January 27, 2003, Attorney Lempert filed a motion to withdraw as attorney of record, claiming that he was retained to represent defendant through the preliminary examination, but not for trial, and that defendant was indigent and could not afford to retain his services through trial.

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

The trial court held a hearing on the motion to withdraw on February 5, 2003. At the hearing, the People expressly took no position on whether Attorney Lempert should be relieved. The People also said they were not concerned with when the case went to trial. An attorney from the alternative public defender's office also reviewed the file and said that it was a very serious case, that it would take a minimum of 60 to 90 days before an attorney in the office would be available to try the case, and that Attorney Lempert would be able to handle the matter "more expeditiously."

The trial court asked defendant if he preferred to have Attorney Lempert continue to represent him, and defendant stated, "No, sir." The trial court also asked defendant if he wanted the court to appoint counsel, and defendant replied, "For the time being, yes." The People also said that a three or four month continuance was "not going to be a problem."

The trial court then stated: "Well, as I think all counsel are aware, number one, we now have only one court and there is no such thing, in my opinion, regardless of what language is used, if there is a special appearance it is a general appearance for all purposes. And, therefore, I do not recognize an attorney's right to automatically withdraw from the case at the time of arraignment because he has made some sort of financial arrangement with a client to represent him through the preliminary hearing which, as we all know, in most situations, although this may be an exception, doesn't require a tremendous amount of work. And I've been attempting to discourage this practice by taking the position that a motion to withdraw has to be filed. And that's exactly what's occurred in this case. [¶] In terms of whether there is prejudice to the defendant, apparently there is not because he is, he wants not to be represented by Mr. Lempert at this point. Given what he has had to say, and he has been present hearing that the case is going to be set off into the future."

The trial court then questioned defendant again whether he wanted to waive time, and defendant stated that he did. Defendant also stated: "To be completely honest, I don't understand what's going on right now. He told me that I paid him for only so much and that's all that's been done already. So I figured he was going to leave already. And I don't understand why I'm here. I don't understand this whole hearing at all."

The trial court then explained to defendant that the issue before the court was whether the court required Attorney Lempert to continue representing defendant or whether the court relieved him and appointed another attorney. Defendant responded: "What? I'm still confused is—why is there any question about—I mean, I don't understand how you can say anything about him still being my attorney when we had an agreement ahead of time. How

did this become a legal thing like that? That's what I understand. He did what he was supposed to do. So what I mean, what would happen if I said I do want him to still represent me, but yet I haven't paid him for that?" In reply, the trial court stated that it would consider what defendant wanted. The trial court asked defendant if he wanted Attorney Lempert to continue to represent him and whether he was "interested" in a speedy trial. Defendant responded affirmatively.

At this point, Attorney Lempert argued that he had completed an enormous amount of work in the case, that he had fulfilled the terms of his contract with his client, that it bordered on involuntary servitude if the court were to mandate continued representation, and that he could not afford to represent defendant through trial without compensation. Attorney Lempert also offered to stay in the case if the court would pay him.

The trial court replied: "That was not my thought. My thought was, even if I felt there was reason to relieve you for financial reasons, I was then going to appoint you and direct you [to] represent the defendant at no cost. So I did not have that in mind. I think involuntary servitude may be a little bit strong in terms of your assessment of my position."

The trial court then denied Attorney Lempert's motion to withdraw as attorney of record. The court concluded: "I am going to deny the motion to withdraw, although a basis for withdrawing can be financial reasons as we all know. Nevertheless, it's still a discretionary call on the part of the court. And in my opinion the defendant is better represented by you at this point, and that it would prove to his disadvantage if I relieve you at this time." Defendant continued on a time-waived status, and the court scheduled the case on the master trial calendar for March 17, 2003.

On February 7, 2003, Attorney Lempert filed a motion for reconsideration, asserting that the denial of the motion to withdraw was an abuse of discretion and that there had been an irremediable breakdown in the attorney-client relationship. The trial court denied the motion for reconsideration after hearing on February 11, 2003, and the matter remained set on the master trial calendar for March 17, 2003.

On February 18, 2003, Attorney Lempert filed a petition for writ of mandate and/or prohibition in this court challenging the denial of his motion to withdraw as attorney of record. On February 24, 2003, this court issued a temporary stay, requested preliminary opposition, and ordered the superior court to provide reporter's transcripts from the hearings. However, no opposition was filed, and, after further review, this court issued a *Palma* notice (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 180 [203

Cal.Rptr. 626, 681 P.2d 893]), advising the parties that this court was considering issuing a peremptory writ of mandate in the first instance and allowing a final opportunity to submit any opposition.

In response to the *Palma* notice, the superior court filed an opposition in which it asserted its discretionary authority to require and rule on a motion to withdraw where an attorney retained for a preliminary examination seeks to withdraw from the case at the time of arraignment on the information; however, the superior court did not take a position on whether its decision in this case was an abuse of discretion. The People submitted a letter to this court indicating that the People did not take any position on the matter, apart from a general interest in having the matter expeditiously resolved. This court also received a brief of amicus curiae from the Public Defender of Santa Clara County. Amicus curiae takes the position that the trial court has the authority to require retained counsel who appears at the arraignment on the information to file a motion to withdraw and that the trial court correctly exercised its discretion to deny petitioner's motion to withdraw on the merits.

## DISCUSSION

It is undisputed that the defendant has retained counsel to represent him only through the preliminary examination and not through trial, and defendant admittedly is unable to pay counsel for further representation. Consistent with the agreement between retained counsel and defendant, counsel sought to withdraw from the representation at the arraignment on the information. The issues that we decide are whether respondent court properly required counsel to file a formal motion to withdraw at this stage of the proceedings and whether respondent court abused its discretion by denying the motion.

Since this matter concerns a specific phase of a felony prosecution, we briefly highlight some of the basic pretrial steps in order to place the matter in the appropriate context.

A felony prosecution that is commenced by the filing of a complaint has two distinct pretrial phases.[2] ■ In the first phase, formerly conducted in the municipal court, the prosecution commences with the filing of the felony complaint. (§ 806.) The defendant is brought before a magistrate and is informed of the right to counsel. (§ 859.) If the defendant desires counsel and is unable to employ counsel, counsel is appointed. (*Ibid.*) The defendant then appears before the magistrate for arraignment, and, if the defendant pleads not guilty, the magistrate sets the case for a preliminary examination.

---

[2] We are not concerned here with felony prosecution by indictment or where the defendant pleads guilty before the magistrate. (See §§ 737, 859a.) Our discussion is limited accordingly.

(§ 859b.) If the magistrate finds sufficient cause to believe the defendant is guilty, then the defendant is held to answer, and the district attorney files an information in the superior court. (§§ 872, 739.)

█ The second pretrial phase begins with the filing of the information in the superior court. The information is considered the first pleading filed by the People in a felony case in the superior court. (§ 949.) After the filing of the information, the defendant is arraigned on the information before a superior court judge. (§ 976.) In the interim, counsel who represented the defendant at the preliminary examination continues to represent the defendant "until the date set for arraignment on the information unless relieved by the court upon the substitution of other counsel or for cause." (§ 987.1) If the defendant appears for arraignment on the information without counsel, the defendant is informed of the right to counsel. (§ 987.) If the defendant desires counsel and is unable to employ counsel, the court must appoint counsel to represent the defendant. (*Ibid.*)

Notwithstanding the court's comment "we now have only one court," under the statutory scheme just laid out, that single court has two divisions corresponding to the former municipal and superior courts. The voluntary unification of the municipal and superior courts was not intended to fundamentally alter preexisting criminal procedure.[3] Rather, the objective of the statutory revisions implementing trial court unification was "to preserve existing rights and procedures despite unification, with no disparity of treatment between a party appearing in municipal court and a similarly situated party appearing in superior court as a result of unification of the municipal and superior courts in a county." (28 Cal. Law Revision Com. Rep. (1998) p. 60.) In order to distinguish between criminal causes that were within the original trial jurisdiction of superior and municipal courts, the criminal procedure statutes were revised "to accommodate the possibility of unification by replacing references to matters within the original jurisdiction of the superior court with references to felonies, and by replacing references to matters within the original jurisdiction of the municipal court with references to misdemeanors and infractions." (*Id.* at p. 66–67, fn. omitted.) Although the statutory references have changed, the historical division within the trial court remains.

We find that the present case is analogous to *Alexander v. Superior Court* (1994) 22 Cal.App.4th 901 [27 Cal.Rptr.2d 732] (*Alexander*). In *Alexander*,

---

[3] Proposition 220, enacted in 1998, amended the state Constitution to permit the voluntary unification of the municipal and superior courts, and, thereafter, Senate Bill No. 2139 (1997–1998 Reg. Sess.) was enacted to make various statutory changes to implement and conform to the unification of the trial courts pursuant to the constitutional amendment. (See *Snukal v. Flightways Manufacturing, Inc.* (2000) 23 Cal.4th 754, 763, fn. 2 [98 Cal.Rptr.2d 1, 3 P.3d 286]; *In re Ramirez* (2001) 89 Cal.App.4th 1312, 1315 [108 Cal.Rptr.2d 229].)

the defendant sought to have counsel who represented the defendant in the municipal court appointed to represent the defendant in the superior court. The first issue faced by the *Alexander* court was whether a superior court's refusal to appoint the attorney who represented the defendant in the municipal court constituted a refusal to appoint the attorney or a removal of the attorney. (*Id.* at p. 905.)

The *Alexander* court concluded that the refusal of the superior court to continue the appointment of an attorney assigned to represent the defendant in the municipal court and who represented the defendant at the preliminary examination constituted a refusal to appoint counsel and not the removal of counsel. (*Alexander, supra,* 22 Cal.App.4th at p. 914.) As stated by the court in *Alexander*: "This conclusion is not only consistent with the relevant Supreme Court authority, it is also consistent with the provisions of section 987.1, relating to continuity in representation by counsel at the preliminary examination. That section provides for continuity in representation by counsel at the preliminary examination until the date set for the defendant's arraignment in superior court. [¶] This conclusion is also consistent with the actual practice of criminal law in this state. An attorney who has been retained to represent a defendant in municipal court does not consider himself or herself retained to represent the defendant in superior court. [Citations.] The representation of a defendant who has been held to answer after a preliminary examination continues up to the date of arraignment in superior court. [Citations.] Thereafter, the issue of representation begins anew." (*Ibid.*)

Similarly, in *People v. Chavez* (1980) 26 Cal.3d 334 [161 Cal.Rptr. 762, 605 P.2d 401] (*Chavez*), the defendant wanted the attorney who represented him at his preliminary examination in municipal court to continue the representation in the superior court. However, the superior court summarily refused to appoint the same counsel based on a policy of appointing its own counsel in every case. The Supreme Court concluded that the "trial court abused its discretion in denying the request for the continued appointment of counsel without affording defendant an opportunity to explain what circumstances, if any, might warrant such continued appointment." (*Id.* at pp. 347–348.) The Supreme Court also noted that the municipal court appointment of defense counsel was "apparently still in effect up until the time of defendant's arraignment" on the information. (*Id.* at p. 348, fn. 4, citing § 987.1.)

Both *Alexander* and *Chavez* demonstrate a long-standing practice, prior to the unification of the municipal and superior courts, in which the attorney who represented the defendant at the preliminary examination was not necessarily considered to have continued the representation in the superior court when defendant was arraigned on the information. Rather, the issue of

representation has been treated as beginning anew with the appearance of the defendant in the superior court on the date set for arraignment on the information. This treatment also is reflected in the statutory scheme, particularly in section 987.1, as well as in the statutory requirement that the defendant in a felony proceeding be advised of the right to counsel both when defendant is brought before the magistrate and when the defendant is arraigned in the superior court on the information. (See *People v. Crayton* (2002) 28 Cal.4th 346, 360 [121 Cal.Rptr.2d 580, 48 P.3d 1136]; §§ 859, 987.)

Nevertheless, respondent maintains that the superior court has the authority under Code of Civil Procedure section 284 to require an attorney retained for the preliminary examination to file a motion to withdraw as counsel if the attorney does not intend to represent the defendant after arraignment on the information. Code of Civil Procedure section 284 is a general statute that governs the withdrawal or substitution of counsel in both civil and criminal cases.[4] (See *In re Haro* (1969) 71 Cal.2d 1021, 1029 [80 Cal.Rptr. 588, 458 P.2d 500].)

However, respondent does not cite any authority that has required the attorney who represented the defendant at the preliminary examination to file a motion to withdraw at the arraignment on the information. ■ As detailed above, the general practice has been to the contrary, and any such interpretation would seem to conflict with the provisions of section 987.1, which provides that counsel's representation continues *until* the date set for arraignment unless relieved by the court.[5]

We also note that, at the hearing, the trial court referenced the unification of the municipal and superior courts as a basis for requiring the motion to withdraw and referenced its desire to discourage financial arrangements in which counsel is retained to represent the defendant only through the preliminary examination. ■ Yet there is no indication that the voluntary unification of the municipal and superior courts was intended to alter basic pretrial felony proceedings, or specifically, the status of counsel who represents the defendant at the preliminary examination. (See *People v. Crayton, supra*, 28 Cal.4th at pp. 350, fn.1, 359–360 [despite unification of municipal

---

[4] Code of Civil Procedure section 284 provides: "The attorney in an action or special proceeding may be changed at any time before or after judgment or final determination, as follows: [¶] 1. Upon the consent of both client and attorney, filed with the clerk, or entered upon the minutes; [¶] 2. Upon the order of the court, upon the application of either client or attorney, after notice from one to the other."

[5] Section 987.1 provides in full: "Counsel at the preliminary examination shall continue to represent a defendant who has been ordered to stand trial for a felony until the date set for arraignment on the information unless relieved by the court upon the substitution of other counsel or for cause."

and superior courts, relevant procedural steps in felony proceedings remain the same]; see also *People v. Superior Court (Jimenez)* (2002) 28 Cal.4th 798, 804 [123 Cal.Rptr.2d 31, 50 P.3d 743] [superior court remains appropriate court to review magistrate's actions even after unification].)

We also have serious concerns with the trial court's expressed desire to discourage financial arrangements between a defendant and his or her counsel of choice. "The right of a criminal defendant to counsel and to present a defense are among the most sacred and sensitive of our constitutional rights. [Citation.] While we have recognized competing values of substantial importance to trial courts, including the speedy determination of criminal charges, the state should keep to a 'necessary minimum its interference with the individual's desire to defend himself in whatever manner he deems best, using any legitimate means within his resources' [citation]." (*People v. Ortiz* (1990) 51 Cal.3d 975, 982 [275 Cal.Rptr. 191, 800 P.2d 547], quoting *People v. Crovedi* (1966) 65 Cal.2d 199, 208 [53 Cal.Rptr. 284, 417 P.2d 868].)

■ As demonstrated in the present case, a defendant of limited means may well have funds sufficient to retain counsel only through the preliminary examination (i.e., the initial pretrial phase of a felony proceeding). The defendant's right to counsel of choice includes the defendant's right to enter into the type of financial arrangement that the trial court seeks to "discourage." Rather than discouraging such financial arrangements, the defendant's right to decide how to defend himself or herself should be respected to the fullest extent consistent with effective judicial administration. (*People v. Ortiz, supra,* 51 Cal.3d at pp. 982–983.)

By the same token, we also have serious concerns with the court's expressed willingness to coerce counsel to represent an indigent defendant without compensation from the very point of arraignment as a means of implementing the court's expressed policy of discouraging legitimate financial arrangements between a defendant and retained counsel. As noted in *People v. Ortiz,* "[t]he risk in compelling a defendant to go to trial with unpaid counsel against his wishes and those of his attorney, is that the defendant will 'get what he paid for.' " (*People v. Ortiz, supra,* 51 Cal.3d at p. 985.) We believe that the same concerns are implicated in the present case.[6]

---

[6] We recognize that defendant here ultimately indicated a desire that counsel continue the representation; however, defendant only did so after repeated questioning from the trial court and despite his initial statement that he did not want counsel to continue the representation and despite his initial statement that he wanted the trial court to appoint counsel. The record strongly suggests that defendant only indicated his desire to have counsel continue the representation after prodding by the trial court and that defendant did not have a clear understanding that counsel would be uncompensated. In presenting the issue to defendant, the

Under the circumstances, we conclude that the trial court erred by requiring counsel to file a motion to withdraw at the arraignment on the information.

Furthermore, even assuming that the unification of the superior and municipal courts resulted in counsel remaining the attorney of record until submitting a motion to withdraw, the relevant legal principles applicable to such a motion remained the same. (See *People v. Crayton, supra*, 28 Cal.4th at pp. 350, fn.1, 359–360.) The trial court's continued refusal to allow petitioner to withdraw as counsel at the arraignment on the information amounted to a clear abuse of discretion under the applicable standard.

■ The determination whether to grant or deny an attorney's motion to withdraw as counsel of record lies within the sound discretion of the trial court, having in mind whether such withdrawal might work an injustice in the handling of the case. (*People v. Prince* (1968) 268 Cal.App.2d 398, 406 [74 Cal.Rptr. 197].) "It is generally recognized that the failure or refusal of a client to pay or secure the proper fees or expenses of the attorney after being reasonably requested to do so will furnish grounds for the attorney to withdraw from the case." (*Ibid.*)

The present situation is strikingly similar to *Mandell v. Superior Court* (1977) 67 Cal.App.3d 1 [136 Cal.Rptr. 354] (*Mandell*). In *Mandell*, counsel moved to withdraw following the defendant's arraignment on the ground that he had been retained only for purposes of representing the defendant at the preliminary examination with the understanding that another fee would be due if he appeared in the superior court, but the defendant was unable to pay the additional fee. Because the record of the preliminary examination did not clearly reflect the " 'special appearance,' " the trial court concluded that counsel was " 'on the hook, so to speak,' " and denied the motion. (*Id.* at p. 3.) The *Mandell* court issued a writ of mandate compelling the superior court to grant the attorney's motion to be relieved as the defendant's attorney in the criminal case. (*Id.* at p. 5.)

As stated in *Mandell,* "The case law establishes that the court has discretion to deny an attorney's request to withdraw where such withdrawal would work an injustice or cause undue delay in the proceeding. [Citations.] But the court's discretion in this area, as elsewhere in the law, is one to be exercised reasonably. Here there was no reason at all for refusing to relieve counsel except the court's notion that counsel had placed himself 'on the hook' by inadvertence at the time of the preliminary [examination]. [¶] . . . [¶]

---

trial court certainly did not make it clear that defendant essentially was faced with indicating a "preference" between being represented by paid appointed counsel and being represented by coerced unpaid retained counsel.

The existence of discretion is confirmed by the case law, but that does not justify the doctrine of 'on the hook' applied in this case." (*Mandell, supra,* 67 Cal.App.3d at pp. 4–5.)

Our review of the record reveals that the trial court denied petitioner's motion to withdraw as attorney of record based upon the fact that the attorney had made a "general appearance" during the preliminary examination phase of the felony proceedings in the unified superior court and that defendant would be at a "disadvantage" if petitioner was relieved.

However, it is undisputed that petitioner was retained to represent defendant through the preliminary examination only and not through trial. Consistent with this agreement, petitioner attempted to withdraw at the earliest possible opportunity, i.e., at the arraignment on the information. (See § 987.1.) The defendant waived time and admitted that he only retained counsel through the preliminary examination and did not have funds to retain counsel through trial. The People did not oppose the motion and were agreeable to a three-or four-month continuance of the trial. In addition, an attorney from the alternative public defender's office reviewed the file and said that an attorney would be available to try the case within 60–90 days. Under the circumstances, allowing petitioner to withdraw could not be said to work an injustice or cause undue delay in the proceedings. The limited "disadvantage" articulated by the trial court does not justify forcing counsel to take a case from arraignment through trial without compensation.

■ We therefore conclude that forcing counsel to represent an indigent defendant from arraignment on the information all the way through trial without compensation, when counsel was retained only to represent the defendant at the preliminary examination, amounts to an abuse of discretion. As a result, we find that the trial court abused its discretion by denying petitioner's motion to withdraw.

Finally, although we conclude that the trial court erred by requiring petitioner to file a formal motion to withdraw and that the trial court abused its discretion by refusing to allow petitioner to withdraw from the case, we recognize that the trial court has the inherent authority to inquire about the status of counsel. We also acknowledge the concerns expressed by amicus curiae as well as by the trial court regarding the potential disadvantage to the defendant caused by the withdrawal of retained counsel at the arraignment on the information and the accompanied need to appoint counsel to represent the now-indigent defendant. However, these concerns are matters that are appropriately considered by the court in exercising its discretion in appointing attorneys to represent indigent defendants. (See *Alexander v. Superior Court, supra,* 22 Cal.App.4th at p. 914; §§ 987.2, 987.05; see also *People v. Ortiz,*

*supra*, 51 Cal.3d at pp. 989–990 [discussing procedure for appointment of counsel after indigent defendant discharges retained counsel].)[7]

We further conclude that a peremptory writ in the first instance is appropriate. ▮ In limited situations, an appellate court may issue a peremptory writ in the first instance, without issuance of an alternative writ or order to show cause, and without providing an opportunity for oral argument. (Code Civ. Proc., § 1088; *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1252–1253 [82 Cal.Rptr.2d 85, 970 P.2d 872].) "A court may issue a peremptory writ in the first instance ' "only when petitioner's entitlement to relief is so obvious that no purpose could reasonably be served by plenary consideration of the issue—for example, when such entitlement is conceded or when there has been clear error under well-settled principles of law and undisputed facts—or where there is an unusual urgency requiring acceleration of the normal process. . . ." ' " (*Lewis v. Superior Court, supra*, 19 Cal.4th at p. 1241, quoting *Alexander v. Superior Court* (1993) 5 Cal.4th 1218, 1223 [23 Cal.Rptr.2d 397, 859 P.2d 96].)

All procedural requirements for issuance of the writ in the first instance have been followed. We notified the parties we were considering issuance of a peremptory writ of mandate in the first instance, and each party had the opportunity to file a written response. The applicable principles of law are well established, the relevant facts are undisputed, and petitioner's entitlement to relief is so obvious that plenary consideration of the issues is unwarranted. (*Lewis v. Superior Court, supra*, 19 Cal.4th at p. 1241.) Accordingly, we grant the petition for writ of mandate in the first instance.

### DISPOSITION

Let a peremptory writ of mandate issue directing respondent court to vacate its February 5, 2003, order denying petitioner's motion to withdraw as attorney of record for defendant, and to enter a new order granting the motion. Upon finality of this decision, the previously issued temporary stay order is vacated.

Premo, J., and Elia, J., concurred.

---

[7] In light of the trial court's reference at the hearing that it was considering appointing petitioner to represent defendant at no cost, we remind the trial court that appointed counsel is entitled to reasonable compensation. (See § 987.2; *People v. Ortiz, supra*, 51 Cal.3d at p. 989 ["compliance with section 987.2 guarantees that appointed private counsel will be compensated"]; see also *Trask v. Superior Court* (1994) 22 Cal.App.4th 346, 350 [27 Cal.Rptr.2d 425].)