**HORN TRANSFER LINES, INC., Appellant,**

v.

**KROEHLER MANUFACTURING COMPANY, Appellee.**

Court of Appeals of Kentucky.

March 28, 1969.

Rehearing Denied Sept. 19, 1969.

**118**

———◆———

George M. Catlett and James N. Neel, Jr., Frankfort, for appellant.

William D. Grubbs, Woodward, Hobson & Fulton, Louisville, for appellee.

DAVIS, Commissioner.

A summary judgment was rendered against the appellant in favor of appellee on its claim for alleged overcharges in freight tariffs imposed by appellant. Appellant sought to have the summary judgment set aside pursuant to a motion under CR 60.02. The trial court denied the 60.02 motion, and this appeal is from that order.

Through Honorable Adrian O'Bryan, employed counsel, appellant filed an answer to the complaint denying liability. James Pressell is president of the appellant corporation and owns all its stock except one share which is owned by his wife. Appellee took discovery deposition of Mr. Pressell during which Mr. Pressell discharged Mr. O'Bryan, as is reflected in the following excerpt from the deposition:

"Q – No. Do you want to make a speech, Mr. Pressell.

A – Maybe I might want to, Mr. Grubbs.

Q – You can make one if you want to.

MR. O'BRYAN: Why do it? He's taking the proof now, there is no need to volunteer any information or anything. As your attorney I advise you not to do it.

WITNESS: I understand, Adrian, but I mean I can think myself, too.

MR. O'BRYAN: As I—I'll be perfectly frank with you, Jim, as of this meeting, I am going to withdraw as counsel. If I can't represent a client the way I feel—

WITNESS: (Interrupting) When I pay the bill I'll do a little saying. Mr. Grubbs, put that in the record, mail the correspondence to me and I'll represent myself.

MR. O'BRYAN: I'll file the proper motions. As of right now you are not—

WITNESS: (Interrupting) Don't file nothing—

MR. O'BRYAN: (Interrupting) Don't tell me how to practice law.

WITNESS: You are dismissed as of right now, at this moment you are dismissed. Does that answer that question? I want that on the record, he's dismissed as our attorney."

Pursuant to motion, Mr. O'Bryan's name was stricken as attorney of record on November 16, 1967, shortly after the deposition incident.

Counsel for appellee served request for admissions pursuant to CR 36.01. Mr. Pressell undertook to answer the request without benefit of counsel. He simultaneously served notice that he proposed to represent Horn Transfer Lines as its attorney, although he is not a licensed lawyer.

Counsel for appellee promptly served notice of motion to strike the purported answer to the request for admissions. At a hearing on December 1, 1967, attended by Mr. Pressell, the court struck from the record the purported answer to the request for admissions, as well as the document in which Mr. Pressell had served notice that he would represent the corporation. At that time the trial judge pointedly told Mr. Pressell that he could not represent the corporation since he was not a lawyer and advised him to obtain the services of a lawyer, but Mr. Pressell chose to ignore the court's admonition.

On February 26, 1968, without an attorney, Mr. Pressell undertook to file a motion to intervene personally on the ground that he owned all the stock in Horn Transfer Lines except one share, so that any judgment against the corporation would, in effect, be a judgment against him. He tendered an answer and counterclaim with that motion. The court overruled the motion to intervene on March 1, 1968.

Appellee moved the court for summary judgment, and that motion was sustained and judgment entered in favor of appellee on March 1, 1968. On March 11, 1968, acting through employed counsel other than those appearing for him in this appeal, Mr. Pressell filed his motion to vacate the sum-

mary judgment pursuant to CR 60.02, asserting that he had mistakenly believed that he had a right to represent the corporation and supposed that he had perfected an adequate defense. In addition, he deposed that he " * * * was under great stress, tension, and nervous strain because of personal as well as business problems; that because of these factors, [he] did not have sufficient time to employ the service of an attorney; * * *." The affidavit further recited that Mr. Pressell was not competent to present a proper defense for the corporation, although a real defense to the action exists. It is significant to observe that the nature of the "real defense" is not divulged.

█ The thrust of appellant's argument is that it was prejudicial error for the trial court to permit Mr. O'Bryan to withdraw as attorney without requiring a substitution of attorney. This argument is premised on the thought that a corporation cannot practice law. Reliance is placed in Laskowitz v. Shellenberger, (D.C. S.D. of Calif.), 107 F. Supp. 397, in which the court declined to permit the withdrawal of attorneys, because it would leave a corporate defendant without representation. We think the position argued is untenable in view of the outright discharge of Mr. O'Bryan by Mr. Pressell, acting as president of the corporation. The argument is further demolished when it is recalled that the trial judge explained to Mr. Pressell that it would be necessary for him to have a lawyer. Mr. Pressell's persistence in undertaking to practice law for the corporation placed the appellee-plaintiff and the trial court in the position of proceeding to judgment or allowing the unwarranted conduct of Mr. Pressell to frustrate the processes of judicial administration. In our view the trial court was quite patient and tolerant of the irregular actions of Mr. Pressell and acted properly in granting summary judgment in the circumstances.

█ The unsupported claims in the CR 60.02 motion of stress and tension fall short of presenting appropriate grounds for re-

lief under CR 60.02. The court properly denied the motion to set aside the summary judgment.

The judgment is affirmed.

All concur.