436 So.2d 792 (1983)
Lenzie ALLISON a/k/a Lindsey Allison, Appellant,
v.
STATE of Mississippi, Appellee.
Misc. No. 1529.
Supreme Court of Mississippi.
August 17, 1983.
*793 Cullen C. Taylor, Brandon, for appellant.
En Banc.
ROBERTSON, Justice, for the Court.
The world is much with today's lawyer. His overhead is ever soaring. Litigation is becoming increasingly complex. These developments juxtaposed against the need to *794 provide adequately for one's self and one's family have placed his traditional role in a great tension. Uncooperative and unattractive clients are viewed by some as no more than necessary evils. The romance has gone out of the practice of law.
Still, there are obligations a lawyer may not shirk no matter how inconvenient he may find them. As much as ever, today's lawyer shoulders dual and sometimes conflicting responsibilities of fidelity and service to his clients and to the court. Lawyers differ on the ever present controversy which of these has priority over the other. One thing is certain: both outrank the lawyer's personal whim or convenience.
We are confronted here with a lawyer who has without apology defaulted in his obligation to this Court. His explanation, if it may be called such: an uncooperative client, a steadfast determination not to work without fee, and personal inconvenience. Our Rule 40 provides that
"An attorney who perfects an appeal to this Court on behalf of the appellant shall continue to prosecute the appeal by filing an assignment of errors and brief when due, unless the Court permits such attorney to withdraw from the case."
Cullen C. Taylor, attorney at law, of Brandon, Mississippi, perfected an appeal on behalf of Lenzie Allison.[1] Mr. Taylor entered his appearance in this Court for all purposes. He then proceeded to do nothing. Without filing a motion for leave to withdraw, a by your leave or whatever, Mr. Taylor has defaulted in his obligations under Rule 40. He is in contempt of this Court.

II.
In May of 1982 Lenzie Allison was put to trial in the Circuit Court of Rankin County, Mississippi, on a charge of manslaughter. Prior thereto Taylor had been engaged to serve as defense counsel. Taylor did in fact represent Allison at his trial which resulted in a manslaughter conviction on May 20, 1982. Allison was given a 20 year sentence.
Thereafter, Taylor, acting as counsel for Allison, took the necessary steps to perfect an appeal to this Court. By virtue thereof, Taylor assumed the duty under Rule 40 to prosecute the appeal. We emphasize that this was not merely a duty to his client, Allison, but equally and independently a duty Taylor owed to this Court.
From the papers Taylor has filed with this Court we accept as true Taylor's version of what happened thereafter.[2] Taylor advised Allison that he was perfecting the appeal in order to assure that this right was not lost to Allison. Before he would actually prosecute the appeal, however, an acceptable fee arrangement would have to be made.
In due course, Taylor advised Allison that his fee for handling the appeal would be $3,000. Allison did not respond. On November 18, 1982, Taylor wrote Allison and advised him that the transcript had been prepared.[3] He reiterated that his fee would be $3,000. He told Allison that, if he wished to employ another lawyer, he (Taylor) would be happy to turn over his file to the new attorney. Taylor emphasized to Allison that he needed to act immediately.
Again, on December 1, 1982, Taylor wrote to Allison emphasizing that it was imperative that Allison employ someone to prosecute the appeal.[4]
It may be fairly said that Taylor discharged his duties to his client, Lenzie Allison. Without charge and because the *795 time was short, he perfected the appeal. He arranged for the preparation of the transcript and the trial record. He advised Allison what his fee would be for handling the appeal and assured Allison that he was free to select other counsel if he so desired. Taylor has wholly defaulted, however, in his obligations to this Court.
Our Rule 40 was originally adopted on October 21, 1968. It was amended on July 28, 1975 and has been in its present form since that time. Without equivocation, it requires that an attorney who perfects an appeal shall continue to prosecute the appeal unless permitted by the Court to withdraw from the case.[5] The rule then provides that:
"If an attorney desires to withdraw from a case, he may file a motion giving his reasons for desiring to withdraw and requesting approval of this Court."
Taylor was certainly within his prerogatives in advising Allison that an acceptable fee arrangement would have to be reached regarding the appeal. When it became apparent that no such agreement was possible, Rule 40 made clear to Taylor what he ought to do. Had he filed a motion for leave to withdraw setting forth the facts and circumstances Taylor now presents to us, the Court most likely would have allowed withdrawal.[6]
We reiterate that the appeal was perfected on or about May 28, 1982. One year later, Taylor had done nothing further. On June 1, 1983, this Court entered the following order:[7]
"Cullen C. Taylor, Esq. is hereby ordered within thirty days of the date hereof to show cause, if any he can, why he should not be held in contempt of Court for failure to prosecute the appeal of Lenzie Allison, a/k/a Lindsey Allison to its final disposition or seek relief from this Court from his obligation so to do, and to that end, the said Cullen C. Taylor shall, within thirty days of this date, make such written response as may be appropriate under the circumstances."
Taylor filed his response on June 30, 1983.[8] What is remarkable about this response *796 is that it contains no acknowledgment whatsoever of Taylor's obligations under Rule 40. No excuse whatsoever is offered why Taylor failed to file a Motion for Leave to Withdraw. Taylor does explain that Allison would not pay the $3,000 fee quoted. What Taylor fails to acknowledge, however, is that it is for the Court to determine whether this is a valid reason for allowing him to drop the case. This is not a decision Taylor was entitled to make unilaterally.
Taylor has failed to discharge his obligations to this Court under Rule 40. He has specifically and willfully failed to file an Assignment of Errors and Brief within the time required by the rules of this Court. He has failed to offer any excuse, acceptable or otherwise, for such failure. We hold that Cullen C. Taylor, attorney at law, of Brandon, Mississippi, is in contempt of this Court.
Rule 40 provides that upon such a finding of contempt the attorney involved shall be
"subject to punishment by (1) censure, (2) fine (3) suspension from practice in this Court, depending upon the degree of neglect as determined by this Court".
Under the circumstances of this case, the Court assesses a fine of $100.00. Taylor is ordered and directed within ten days of this date to pay such sum of $100.00 to the clerk of this Court.

III.
Several points bear emphasis.
First, nothing said here should deter attorneys from doing what Taylor did back in May of 1982. Because the time was short, he acted properly in taking the necessary steps to perfect Allison's appeal to this Court. Nothing said here should give any attorney grounds for believing that, if he takes these procedural steps on behalf of his client, he will then be trapped into handling the entire appeal without fee. When good cause exists for allowing an attorney to withdraw from representation of a client before this Court, upon proper motion, such withdrawal will be allowed.[9] To be sure, in many circumstances the failure of the client to pay a reasonable fee may be a good and valid reason for withdrawal.[10]
Second, when an individual accepts a license to practice law and becomes a member of the bar of this state and of this Court, he assumes many obligations. At least two of these have priority over his certainly legitimate prerogative to charge a legitimate fee for his services.[11] Along with his fellow members of the bar, each lawyer assumes a duty to assume that every person in substantial need of legal service receives that service without regard to ability to pay.[12] Beyond that, each lawyer, in *797 conjunction with his fellow members of the bar, assumes an obligation as an officer of the Court to assure that, before this Court makes the life shattering decisions tendered to it, it has the benefit of competent advocacy on behalf of both sides.
What we say here is a simple reiteration of the values and traditions of the legal profession. These premises are articulated in the ethical considerations underlying the canons in the Code of Professional Responsibility by which all lawyers are bound. There is no doubt that parts of that code relegate to third and fourth priority a consideration of the economics of the practice of law. This is merely a part of the quid pro quo the lawyer must be prepared to give when he accepts his license to practice law.
Yes, the world is much with today's lawyer. But so are the ideals and traditions of professional responsibility within the Bar, and so are the Ethical Considerations underlying our Code of Professional Responsibility, with all of which we find the lawyer's obligation under Rule 40 of the rules of this Court to be wholly consistent.
CULLEN C. TAYLOR IS FOUND GUILTY OF CONTEMPT OF THIS COURT AND IS FINED THE SUM OF ONE HUNDRED DOLLARS TO BE PAID IN TEN DAYS SUBJECT TO CONDITIONS STATED HEREINABOVE.
PATTERSON, C.J., WALKER and BROOM, P.JJ., and ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE and PRATHER, JJ., concur.
NOTES
[1] Allison's appeal has been docketed here as Case No. 54,306, styled Allison v. State of Mississippi.
[2] On June 1, 1983, this Court entered its order directing Taylor to show cause why he should not be cited for contempt. On June 30, 1983, Taylor filed a submission entitled Response To Show Cause Order, including many attachments. We have reviewed Taylor's submission in its entirety. As indicated above, we accept completely Taylor's version of the facts.
[3] The record was formally filed with the clerk of this Court on October 27, 1982.
[4] The brief for Appellant was due December 6, 1982.
[5] Of considerable importance also is Disciplinary Rule 2-110[A][1] of the Code of Professional Responsibility of the Mississippi State Bar. D.R. 2-110[A][1] provides

"If permission for withdrawal from employment is required by the rules of a Tribunal, a lawyer shall not withdraw from employment in a proceeding before that Tribunal without its permission."
The Ethical Considerations underlying D.R. 2-110[A][1] appear in EC 2-32
"A decision by a lawyer to withdraw should be made only on the basis of compelling circumstances, and in a matter pending before a Tribunal he must comply with the rules of the Tribunal regarding withdrawal."
[6] Disciplinary Rule 2-110[C][1][f] provides that a lawyer may ethically request permission to withdraw where his client "deliberately disregards an arrangement or obligation to the lawyer as to expenses or fees".
[7] Another order entered by this Court on June 1, 1983, provides:

"Under these circumstances it is ORDERED:
(a) That the appeal heretofore taken by Lenzie Allison, designated as Case No. 54,306 in this Court, is hereby reinstated and returned to the active docket of this Court;
(b) That his case is temporarily remanded to the Circuit Court of Rankin County, Mississippi, which Court is directed to conduct such proceedings as may be appropriate to determine whether or not Allison is an indigent and, if so, whether he is entitled to appointment of counsel to represent him on this appeal;
(c) Cullen C. Taylor, Esq., of Brandon, Mississippi, is hereby relieved of any further duties as counsel for Petitioner/Appellant;
and
(d) Within thirty days of the date of entry of an Order by the Circuit Court of Rankin County, Mississippi, adjudging Petitioner an indigent and appointing counsel to represent him, or determining that Petitioner is not an indigent or otherwise eligible for appointment of counsel, Petitioner/Appellant Allison shall file in this Court his Assignment of Errors, Brief of Appellant and Abstract of Record.
[8] We have carefully considered the question of whether or not Taylor is entitled to a further hearing in this matter before we proceed with an adjudication. We note that Rule 40 provides:

"Before the imposition of any such punishment, the attorney affected thereby shall be entitled to a hearing at such time, place and under such circumstances as the Court may direct."
If there were fact questions tendered, we would without hesitation order an evidentiary hearing. We note that Taylor was given thirty days within which to file a formal written response to the show cause order. This he has done, and he has attached numerous affidavits, letters and other exhibits. As indicated above, we accept completely the facts as submitted by Taylor. We hold, under the circumstances, that Taylor has had a full and fair opportunity to present his side of the case and that this Court is acting wholly consistent with Taylor's procedural due process right by proceeding to a final adjudication at this time.
[9] Withdrawal will not be automatically allowed. Such factors as the timing of the motion to withdraw, possible prejudice to the adverse party, the court's and the public's interest in the prompt disposition of the matter, and the like, will be relevant considerations. On the other hand, a timely motion to withdraw made for bona fide reasons will normally be looked upon with favor. We emphasize that motions for leave to withdraw will be considered against the backdrop of D.R. 2-110 of the Code of Professional Responsibility, as well as the formally published Ethical Considerations undergirding same.
[10] See D.R. 2-110[C][1][f].
[11] We commend to the bar a careful review of the canons of ethics regarding the charging of fees. See D.R. 2-106 and Ethical Considerations 2-17  2-19.
[12] We emphasize here the following Ethical Considerations formally a part of the Code of Professional Responsibility of the Mississippi State Bar.

"EC 1-1. A basic tenet of the professional responsibility of lawyers is that every person in our society should have ready access to the independent professional services of a lawyer of integrity and competence.
EC 2-5 ... The basic responsibility for providing legal services for those unable to pay ultimately rests upon the individual lawyer, ... every lawyer, regardless of professional prominence or professional workload, should find time to participate in serving the disadvantaged. The rendition of free legal services to those unable to pay reasonable fees continues to be an obligation of each lawyer, ... .
EC 2-31 ... Full availability of legal counsel requires both that persons be able to obtain competent counsel and that lawyers that undertake representation complete the work involved. Trial counsel for a convicted defendant should continue to represent his client by advising whether to take an appeal and, if the appeal is prosecuted, by representing him through the appeal unless new counsel is substituted or withdrawal is permitted by the appropriate court.