745 P.2d 208

**MOHR, HACKETT, PEDERSON, BLAKLEY, RANDOLPH & HAGA, P.C., Petitioner,**

v.

**SUPERIOR COURT OF the STATE of Arizona, In and For the COUNTY OF MARICOPA; Honorable David L. Grounds, a judge thereof, Respondent Judge,**

**GRZ & A, Inc., an Arizona corporation, Real Party in Interest.**

**No. 1 CA–SA 260.**

Court of Appeals of Arizona, Division 1, Department D.

Oct. 29, 1987.

Mohr, Hackett, Pederson, Blakley, Randolph & Haga, P.C. by John R. Hoopes, Phoenix, for petitioner.

OPINION

HAIRE, Chief Judge.

This is a special action review of the trial court's denial of a law firm's application to withdraw as counsel of record. One issue is presented: whether the trial court abused its discretion in denying the application solely because the firm's client was a corporation.

The firm submitted an application to withdraw which bore the client's written approval. No trial date had been set at the time. The trial judge denied the application on the ground that the firm's client was a corporation.

At the hearing on the firm's motion for reconsideration, the judge explained that he had denied the application because of concerns stemming from the general rule that a corporation, unlike a natural person, cannot represent itself in court. He stated that he viewed the firm's application as creating:

"a situation whereby if the Court permits counsel to withdraw, this corporate defendant is left in this lawsuit unrepresented. And if unrepresented during that period of time, it must of necessity be representing itself and subjecting itself to a possible violation under the unauthorized practice of law by remaining in a lawsuit where it is attempting to represent itself."

The judge also noted that the corporation might remain unrepresented for an extend-

ed period of time if it was unwilling or unable to obtain new counsel. On the basis of these considerations, he refused to allow the firm to withdraw until the corporation had actually obtained new counsel.

Since the denial of an application to withdraw is a nonappealable order, the firm sought special action relief.[1] We accepted jurisdiction because the issue in question is not one which is susceptible to resolution by appeal and because the record indicates a lack of uniformity in rulings on this issue among the different divisions of the superior court.

Rule XII, Uniform Rules of Practice for the Superior Court, governs withdrawals as counsel of record.[2] The law firm complied with section (c)(1) of the Rule by submitting an application bearing the written approval of its client before the action was set for trial. The firm maintains that if the supreme court had intended to impose any additional requirements upon the withdrawal of corporate counsel in this situation, it would have included these requirements in the Rule. Since the Rule does not draw any distinctions between corporate clients and other clients, the firm contends that the trial court abused its discretion and acted without legal authority in denying the application solely because the firm's client was a corporation.

We agree that nothing in the Rule supports the trial court's action. Where clients are concerned, the only distinction the Rule makes is between those who have consented to counsel's withdrawal before an action has been set for trial and those who have not. *See* (c)(1) and (c)(2). Section (c)(1) clearly permits corporate counsel to withdraw once an application bearing the client's written approval has been submitted.

Rule 31(a)(4)(C), Rules of the Arizona Supreme Court, 17A A.R.S., permits an officer of a corporation who is not an active member of the state bar to represent the corporation before a justice or police court if certain requirements are met. In all other cases, a corporation can only appear in court through an attorney. *Ramada Inns, Inc. v. Lane & Bird Advertising, Inc.*, 102 Ariz. 127, 128, 426 P.2d 395, 396 (1967); *Anamax Mining Company v. Arizona Department of Economic Security*, 147 Ariz. 482, 485, 711 P.2d 621, 624 (App. 1985). The trial judge believed that he could not grant the application to withdraw without leaving the corporate client representing itself and subjecting it to unauthorized practice of law charges. The firm points out that other divisions of the superior court permit corporate counsel to withdraw and that they order the corporate clients to obtain new counsel within specified periods when they do so. The firm maintains that the court can protect the corporation from unauthorized practice of law charges by staying the action during the period in question so that it will not be required to respond while it is seeking new counsel.[3]

---

1. *See* Rules of Procedure for Special Actions [Extraordinary Writs—Certiorari, Mandamus, Prohibition], 17A A.R.S.

2. Section (c) of the Rule provides as follows:
   "(c) **Withdrawal and substitution.** No attorney shall be permitted to withdraw, or be substituted, as attorney of record in any pending action except by order of court, supported by written application setting forth the reasons therefor together with the name and residence of the client, as follows:
   "(1) Where such application bears the written approval of the client, it shall be accompanied by a proposed written order and may be presented to the court ex parte. The withdrawing attorney shall give prompt notice of entry of such order, together with the name and residence of the client, to all other parties or their attorneys;

"(2) Where such application does not bear the written approval of the client, it shall be made by motion and shall be served upon the client and all other parties or their attorneys;
   "(3) No attorney shall be permitted to withdraw as attorney of record after an action has been set for trial, unless there shall be endorsed upon the application therefor either the signature of an attorney stating that he is advised of the trial date and will be prepared for trial, or the signature of the client stating that he is advised of the trial date and has made suitable arrangements to be prepared for trial."

3. We are not suggesting that a stay of proceedings should automatically be granted in such situations.

The Arizona appellate courts have not considered this problem. Some courts in other jurisdictions have refused to permit corporate counsel to withdraw even with the consent of their clients on grounds similar to those cited by the trial court in the present case. *See Laskowitz v. Shellenberger,* 107 F.Supp. 397 (S.D.Cal.1952). Other courts, however, have rejected this reasoning and have allowed corporate counsel to withdraw. In *Thomas G. Ferruzzo, Inc. v. Superior Court,* 104 Cal.App.3d 501, 163 Cal.Rptr. 573 (1980), the trial court denied corporate counsel's motion to withdraw on the ground that it would place the corporation in the position of acting *in propria persona.* The court of appeals issued a writ of mandate ordering the trial court to grant the motion to withdraw. It noted that cases such as *Laskowitz,* which hold that corporate counsel may terminate representation in a litigation setting only by substitution of counsel, do not provide a viable solution for all situations. The court believed that it was necessary to allow withdrawal in the case before it because the corporate client refused to cooperate with its counsel. However, it also maintained that allowing corporate counsel to withdraw would never subject the corporation to unauthorized practice of law charges. It reasoned as follows:

"There are two concepts, not one, which are here involved. The first is the principle ... that a corporation may not proceed in propria persona. The second is that an attorney, given proper grounds, may be permitted by the court to withdraw as attorney of record.... These two concepts are not inconsistent in the case of a corporate client. An attorney may be allowed to withdraw without offending the rule against corporate self-representation.

"The effect of withdrawal is to leave the corporation without representation and without the ability to practice self-representation." *Ferruzzo,* 104 Cal.App. 3d at 504, 163 Cal.Rptr. at 575.

*See Transportes Aereos De Angola v. Ronair, Inc.,* 104 F.R.D. 482, 504–06 (D.Del. 1985); *Horn Transfer Lines, Inc. v. Kroehler Manufacturing Company,* 444 S.W.2d 117, 119 (Ky.1969); *Charles Weiner Corporation v. D. Jack Davis Corporation,* 113 Misc.2d 263, 265–66, 448 N.Y.S.2d 998, 1000 (1982); 9A W. Fletcher, *Cyclopedia of the Law of Private Corporations,* § 4463 at 41 (rev. perm. ed. 1985).

We find the reasoning of the *Ferruzzo* court persuasive. While there are many discretionary bases which would justify the denial of an application to withdraw, neither Rule XII(c) nor the rule against corporate self-representation requires or permits a blanket prohibition against the withdrawal solely on the basis of the client's status as a corporation. We therefore find that the trial court abused its discretion by denying the application to withdraw solely on that basis.

We grant the relief requested and order that the trial court grant the firm's application to withdraw. Upon the granting of the application to withdraw, the stay of proceedings directed by this court's order of October 6, 1987, shall terminate.

FROEB, P.J., and EUBANK, J., concur.