796 P.2d 940

**RILEY, HOGGATT & SUAGEE, P.C., Mark A. Suagee, Petitioners,**

**v.**

**The Honorable James L. RILEY, a Judge for The Superior Court of the State of Arizona, County of Cochise, Respondent,**

**and**

**The STATE of Arizona and Kenneth Kempton, Real Parties in Interest.**

**No. 2 CA–SA 90–0121.**

Court of Appeals of Arizona, Division 2, Department B.

Aug. 16, 1990.

Vacated and remanded with directions.

Riley, Hoggatt & Suagee, P.C. by Mark A. Suagee, Sierra Vista, pro se.

Alan K. Polley, Cochise County Atty. by Wayne A. Dirst, Bisbee, for real parties in interest.

OPINION

FERNANDEZ, Chief Judge.

 This special action was taken from the order of the trial court denying petitioners' motion to withdraw as counsel for real party in interest Kenneth Kempton in the underlying criminal action. The order is not a final order and is therefore not appealable. *Cf. Security General Life Ins. Co. v. Superior Court,* 149 Ariz. 332, 718 P.2d 985 (1986). Because we conclude that the trial court either failed to exercise discretion which it had a duty to exercise or abused that discretion, we accept jurisdiction and grant relief. *Id.*

The essential facts are undisputed. Sometime in early April of 1990, Kempton was charged with theft, a class 3 felony. Petitioners agreed to represent Kempton pursuant to an agreement which provided for the payment of a sum in cash to be paid by Kempton through his employer. Petitioner Suagee represented Kempton at his initial appearance in justice court on April 12. On April 17, Suagee filed a motion in justice court to withdraw from further representation alleging that his representation at the initial appearance was a "special appearance for the purpose of that hearing," [1] and that "[a]s arrangements for le-

---

1. There is no provision in the Rules of Criminal Procedure for a "special appearance" by counsel.

gal representation were not completed, the contractual obligation was never established." The state did not oppose the motion, but no action was taken by the justice court.

On April 20, Kempton was indicted for theft in violation of A.R.S. § 13–1802(A)(6), a class 3 felony. Suagee represented Kempton at his arraignment on April 30 and advised the court that he was retained by Kempton solely for that hearing. No trial date was set at the arraignment. On June 18, Suagee filed a motion to withdraw in superior court on the ground that Kempton had failed to comply with the terms of the representation agreement. The motion noted that no trial date had been set and that Kempton had adequate time to obtain other counsel without prejudice. Again, the state did not object, nor did Kempton. Following a hearing, the trial judge denied the motion, stating that he would not grant the motion solely for nonpayment of fees. A trial date was then set for August 23, 1990, which has been stayed by this court.

 Petitioners argue that the trial court abused its discretion in denying the motion under Rule 6.3, Ariz.R.Crim.P., 17 A.R.S., in light of the fact that no trial date had been set and all parties agreed that no prejudice would result. Rule 6.3 provides:

**a. Notice of Appearance.** At his first appearance in any court on behalf of a defendant, an attorney, whether privately retained or appointed by the court, shall file a notice of appearance on a form provided by the clerk of the court.

**b. Duty of Continuing Representation.** Counsel representing a defendant at any stage shall continue to represent him in all further proceedings in the trial court, including filing of notice of appeal, unless the court permits him to withdraw.

**c. Duty Upon Withdrawal.** No attorney shall be permitted to withdraw after a case has been set for trial except upon motion accompanied by the name and address of another attorney, together with a signed statement by the substituting attorney that he is advised of the trial date and will be prepared for trial.

Appointed counsel may withdraw after the arraignment on the grounds of his client's ineligibility only upon a showing that withdrawal will not disrupt the orderly processing of the case.

Although the rule limits counsel's ability to withdraw once a trial date has been set, it contains no guidelines or limitations on withdrawal prior to trial setting. Prior to 1975, the rule contained an additional subsection which would have been dispositive of this case:

**d. Limitation of Grounds for Withdrawal.** After an arraignment, no attorney may withdraw from a criminal case solely for nonpayment of fees. Appointed counsel may withdraw after the arraignment on the grounds of his client's ineligibility only upon a showing that withdrawal will not disrupt the orderly processing of the case.

In 1975, however, this subsection was deleted and the last sentence pertaining to appointed counsel was added to subparagraph (c). From this amendment of the rules, petitioners urge that we can infer that nonpayment of fees is now a permissible and sufficient ground for withdrawal so long as a trial date has not been set. Under the circumstances of this case, we agree.

In the absence of controlling case law in Arizona, we have looked to other jurisdictions for guidance. The few cases we have found indicate that, while the decision to permit withdrawal is committed to the court's discretion, that discretion is not unbounded and must be exercised with reference to the potential prejudice to the judicial process, counsel, and the defendant. *Mandell v. Superior Court for Los Angeles County,* 67 Cal.App.3d 1, 136 Cal.Rptr. 354 (1977); *Allison v. State,* 436 So.2d 792 (Miss.1983); *Commonwealth v. Scheps,* 361 Pa.Super. 566, 523 A.2d 363 (1987). In *Allison,* the court noted:

Withdrawal will not be automatically allowed. Such factors as the timing of the motion to withdraw, possible prejudice to the adverse party, the court's and the public's interest in the prompt disposition of the matter, and the like, will be

relevant considerations. On the other hand, a timely motion to withdraw made for bona fide reasons will normally be looked upon with favor. We emphasize that motions for leave to withdraw will be considered against the backdrop of D.R. 2–110 of the Code of Professional Responsibility, as well as the formally published Ethical Considerations undergirding the same.

436 So.2d at 796 n. 9. Citing DR 2–110(C)(1)(f), the court noted that "in many circumstances the failure of the client to pay a reasonable fee may be a good and valid reason for withdrawal." *Allison v. State*, 436 So.2d at 796.[2]

In *Mandell*, counsel moved to withdraw following the defendant's arraignment on the ground that he had been retained only for purposes of representing the defendant at the preliminary hearing. Because the record of the preliminary hearing did not clearly reflect the "special appearance," the trial court concluded that counsel was "on the hook, so to speak," and denied the motion. 67 Cal.App.3d at 2, 136 Cal.Rptr. at 355. The appellate court reversed, finding "no reason at all for refusing to relieve counsel...." *Id.* In *Scheps*, the court reached the same result, reasoning as follows:

> Where a lawyer has conscientiously represented his client and has not left him without time to prepare his case for trial or to procure other counsel for such trial, his petition for withdrawal is not made in bad faith. And where said client made in bad faith [sic] owes past legal fees of a substantial amount and is not in a position to pay for future legal fees for a protracted trial, there is no reason to deny an attorney's petition for leave to withdraw.

361 Pa.Super. at 581–82, 523 A.2d at 370.

We believe that the reasoning of these cases is consistent with the purposes behind Rule 6.3 and that the exercise of the trial court's discretion in deciding motions to withdraw made prior to trial setting must be governed by considerations of the potential prejudice to the judicial process, counsel, and the defendant. Thus, while nonpayment of fees alone may not be sufficient to warrant withdrawal, in the absence of any showing of prejudice to the defendant or to the judicial process, a motion to withdraw on this ground should be granted. In the present case, the state agreed that no prejudice would result from counsel's withdrawal. Accordingly, the trial court abused its discretion in denying petitioners' motion to withdraw.

The order of the trial court is vacated and the cause is remanded with directions to grant petitioners' motion to withdraw.

ROLL, P.J., and HOWARD, J., concur.

---

**2.** DR 2–110(C)(1)(f) permits an attorney to withdraw from representation if his client "[d]eliberately disregards an agreement or obligation to the lawyer as to expenses and fees." Under ER 1.16 of the Rules of Professional Conduct adopted in Arizona in 1983, unless ordered to continue by the court, a lawyer may withdraw from representing a client if "the representation will result in an unreasonable financial burden on the lawyer...." Ariz.R.S.Ct. 42, Rules of Professional Conduct, ER 1.16(b)(5), 17A A.R.S.