UNITED STATES of America,
Plaintiff–Appellee,

v.

James Dalton BELL, Defendant–
Appellant.

No. 99–30210.
D.C. No. CR–97–05270–FDB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 10, 2001.

Decided May 25, 2001.

Before LAY,\* TROTT and BERZON,
Circuit Judges.

MEMORANDUM \*\*

James D. Bell (Bell) appeals the district

---

\* The Honorable Donald P. Lay, Senior United
States Circuit Judge for the Eighth Circuit,
sitting by designation.

\*\* This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as may be provid-
ed by Ninth Circuit Rule 36–3.

court's finding that he violated the terms of his probation. On appeal, Bell argues that the district court violated his Sixth Amendment right to counsel by failing to grant a motion to substitute counsel. He also argues that his Fifth and Sixth Amendment rights to due process and compulsory process were violated because the district court did not subpoena witnesses to support his defense that the Government planted evidence during a search of his residence. We have jurisdiction under 18 U.S.C. § 3742. We affirm.

## I.

In June 1998, the United States Probation Office filed a probation revocation for Bell, alleging that he had violated the terms of his supervision, which included failure to participate in a mental health program, failure to pay mandatory assessment and restitution, failure to let more than one probation officer search his residence, and possession of items prohibited under his release.

At a hearing related to the revocation, Bell claimed that he had been the target of a highly sophisticated, secret spying operation by the Government, including secret and illegal surveillance of him using a variety of methods such as infrared lasers, microwave technology, and electronic eavesdropping. Bell continued to make these claims, despite assurances from the Government to the district court that the spying operation did not exist. Because the district court was concerned about Bell's behavior, it ordered Bell to undergo a psychiatric evaluation. After the evaluation, Bell refused to proceed to a final hearing until his demand for a comprehensive investigation into illegal Government surveillance was completed.

Subsequently, Bell's attorney moved for withdrawal and substitution of counsel. He explained to the court that the breakdown in his relationship with Bell was based on Bell's insistence in calling certain irrelevant witnesses in an effort to prove the alleged conspiracy against him. Bell's attorney was permitted to withdraw and a new attorney was appointed by the court to represent Bell.

On the morning of Bell's evidentiary hearing, Bell's new appointed attorney moved to withdraw as counsel. She was not clear on the precise nature of the breakdown in communications, stating that she did not want to advocate against her client. The district court then asked Bell if his attorney was incompetent to represent him and if he wanted to join her motion for substitution of counsel. Bell declined to affirmatively answer either question, and the district court ruled that Bell's appointed attorney would continue as Bell's counsel. The court moved forward with the evidentiary hearing. On the second day of the hearing, Bell's attorney renewed her motion, but after another discussion with Bell, the court denied the motion. During trial, the court allowed Bell's attorney to assist him as counsel, permitting both Bell's attorney and Bell to examine witnesses.

## II.

■ Bell asserts that the district court violated his Sixth Amendment right to effective assistance of counsel by failing to grant his attorney's motions for substitution of counsel. In reviewing whether the district court properly denied the withdrawal and substitution of counsel, we consider the timeliness of the motion, the adequacy of the court's inquiry into the defendant's complaint, and whether there was a total breakdown in communication between the defendant and his attorney. *United States v. D'Amore*, 56 F.3d 1202, 1204–05 (9th Cir.1995).

■ Based on our review of the record, specifically the hearing transcript, we find

the district court did not abuse its discretion in denying the motion for substitution of counsel. On the timing issue, the record indicates that the process had already been stretched out for more than a year. Further, the motion was made on the morning of the scheduled evidentiary hearing. Thus, the motion was untimely.

The district court's inquiry into Bell's complaint was more than adequate. The hearing transcript reflects the considerable amount of time the district court judge spent questioning Bell as to whether he wanted to join his attorney's motion for substitution of counsel. The judge attempted to determine if there was a breakdown in the relationship by questioning Bell as to whether he felt his attorney could adequately represent him. While Bell indicated dissatisfaction with the fact that his attorney was not willing to uncover information that would incriminate federal government employees, he never directly stated that his attorney could not adequately represent him.

As for the communication between Bell and his attorney, the district court properly concluded that a complete breakdown in communication did not exist. Bell demanded that his attorney pursue tactics with which she disagreed. This disagreement over tactics, however, did not amount to a complete breakdown in communications because Bell continued to consult his attorney after the motion was denied and the hearing was underway. *See United States v. Wadsworth,* 830 F.2d 1500, 1509 (9th Cir.1987). Accordingly, we conclude that the district court did not abuse its discretion in denying the motion from Bell's attorney for substitution of counsel.

Bell also argues that his Sixth and Fifth Amendment rights to compulsory

process and due process were violated because his attorney refused to follow his requests to investigate, conduct discovery, and subpoena witnesses based on his allegations of spying and evidence planting.

Bell wanted to call government agents, specifically United States Marshals, who he claimed planted evidence when they entered his home to arrest him for violating his probation. The trial court denied Bell's request because the Marshals were not on the witness list and because the court did not believe testimony from the Marshals was related to the conditions of Bell's probation. We agree and find Bell's arguments about Government spying and evidence planting to be frivolous and immaterial to the issue of whether Bell violated his probation. *See United States v. Valenzuela–Bernal,* 458 U.S. 858, 867, 102 S.Ct. 3440, 73 L.Ed.2d 1193 (1982).

In sum, we affirm the judgment of the district court.

AFFIRMED.