OPINION ANI) ODDER

OPENING ST A TEME NT

The issue on appeal is whether the trial court abused its discretion when it denied *430 Appellant counsel’s motion to withdraw. Counsel argues that the court cannot force him to remain as counsel once the case has been fully prosecuted and the client has been placed on probation pursuant to a plea agreement.

STATEMENT OF RELEVANT FACTS AND HISTORY

Defendant was arrested at his home on March 22, 2000, and charged with intoxication and three counts of child abandonment.
D. Jeffrey Porturica entered as counsel for Defendant on September 8, 2000. Defendant and Prosecution entered into a plea-agreement that the court accepted. The plea-agreement consolidated the child abandonment charges into one charge and imposed a 90-day jail sentence for said charge. For the intoxication charge, Defendant was sentenced to 10 days in jail, to ran concurrently with the 90-day child abandonment sentence. Defendant was given credit for 10 days he had already spent in jail for a separate offense. The remaining 80 days were suspended for a 10-month supervised probation period.
In addition to following all alcohol assessment recommendations, Defendant was to enroll in, and complete, parenting classes and provide verification of such within 6 months. Defendant was ordered to pay $50.00 in court costs.
Defendant was later found in contempt of court for failing to pay the fine of $50.00 by the May 9, 2001, court-imposed deadline. An arrest warrant was issued, but was later set aside because the trial court held that the fine was a condition of Defendant’s probation and that Defendant’s failure to pay should be dealt with by the probation office.
On April 23, 2001, counsel for Defendant moved to withdraw as counsel of record. The court denied counsel’s motion to withdraw on April 25, 2001. The court stated that as a matter of practice, counsels are not permitted to withdraw from cases until probation has been completed.
Counsel for Defendant filed a notice of appeal on May 23, 2001, arguing that counsel should be allowed to withdraw once a final verdict has been issued, jail time imposed, and/or once a plea-agreement has been entered into and a defendant placed on probation.

ISSUES ON APPEAL

(1) Can the Appellate Court review this matter as an extraordinary writ or a special action since an order denying a motion to withdraw is not a final order and therefore nonappealable?
(2) Did the trial court abuse its discretion in denying counsel’s motion to withdraw as Defendant’s counsel once the case had been decided and Defendant placed on probation?
(3) Is a probation violation a separate matter from the original offense?

DISCUSSION

I. The Appellate Court has jurisdiction over this matter.
A. Final Order
An order denying an attorney’s motion to withdraw as counsel of record is not a final order within the meaning of rule 37(a), H.I.R.C.C.P. for it is not a decision based on the merits of the action, nor does it end the litigation. A motion to withdraw may be filed at any point during or after litigation, has no bearing on the merits of the action, and is not dispositive of the entire case.
Although this case is not properly an appeal from a final judgment, a denial to a motion to withdraw may be reviewed by extraordinary writ to determine whether a trial court has abused its discretion by denying the motion. We interpret Appel *431 lant’s notice of appeal as a petition for an extraordinary writ pursuant to Rule 1(b), H.I.R.C.C.P.
B. Extraordinary Writ and Special Action Relief
This case involves an important issue of first impression for this Court. Although an order denying a motion to withdraw is not a final order and is therefore nonap-pealable [1] the court may explore an alternative remedy for review of the trial court’s decision. Rule 35(a)(2) of the Hopi Indian Rules of Civil and Criminal Procedure (HIRCCP) allows relief in the form of an extraordinary writ where “no other plain, speedy, and adequate remedy exists, .... [and] where an inferior tribunal, board or officer exercising judicial functions has exceeded its jurisdiction or abused its discretion.... ”
Rule 1(b) of the HIRCCP allows for a liberal construction of the rules “to secure a just, speedy and inexpensive determination of every action.” Emphasis added. The Honie Court so liberally construed Rule 1(b) and reviewed the trial court’s decisions.[2] The Hopi Appellate Court may choose to grant relief in the form of an extraordinary writ and review the record to determine whether the trial court abused its discretion in denying the motion to withdraw.
Both Arizona state and federal courts will review orders denying counsel’s motion to withdraw. These are special action reviews where the court has accepted jurisdiction to determine whether the trial court failed to exercise discretion that it had a duty to exercise, or abused that discretion. Maricopa County Public Defender's Office v. Superior Court, 187 Ariz. 162, 927 P.2d 822 (1996); Okeani v. Superior Court, 178 Ariz. 180, 871 P.2d 727 (1993); State v. Gottsfield, 171 Ariz. 195, 829 P.2d 1241 (1992); Riley, Hoggatt & Suagee v. Superior Court, 165 Ariz. 138, 796 P.2d 940 (1990); Mohr, Hackett, Pederson, Blakley, Randolph & Haga, v. Superior Court, 155 Ariz. 150, 745 P.2d 208 (1987); State v. Jefferson, 126 Ariz. 341, 615 P.2d 638 (1980); U.S. v. Bell, 9 Fed.Appx. 733 (9th Cir.2001); U.S. v. Hodges, 990 F.2d 1263 (9th Cir.1998).
Because an appellate court has the authority to review trial court decisions for possible abuse of discretion, jurisdiction may be accepted and relief subsequently granted. Security General Life Ins. Co. v. Superior Court, 149 Ariz. 332, 718 P.2d 985 (1986); Riley, Hoggatt & Suagee v. Superior Court, 165 Ariz. 138, 796 P.2d 940 (1990).
Accordingly, we will review the denial of counsel’s motion to withdraw to determine whether the trial court abused its discretion.
II. Absent a lack of timeliness or prejudicial effect on defendant, counsel should be permitted to withdraw after a final verdict.
The trial court, in its order, stated “as a matter of practice, counsels are not *432 permitted to withdraw from cases until the term of probation has been completed,” this statement was not supported by Hopi law. The Hopi Constitution and Bylaws, Ordinances, and Rules of Civil and Criminal Procedure are silent on the propriety and timing of withdrawing as counsel of record. In the absence of such, we turn to state and federal rules and case law.
State and federal courts agree that the most important factors to consider in evaluating the appropriateness of granting a motion to withdraw are (i) the timeliness of the motion, and (ii) the potential of a prejudicial effect on the defendant.
For example, in Maricopa County Public Defender’s Office, a public defender moved to withdraw based on of a conflict of interest with her newly assigned defendant. The trial court denied the motion because counsel would not reveal confidential information pertaining to the conflict. The court of appeals reviewed the denial and found that the trial court had abused its discretion. Counsel was allowed to withdraw because she had shown, in a timely manner, facts establishing an apparent conflict of interest that would prejudice her client. 187 Ariz. 162, 163-164, 927 P.2d 822.
Further, in Mohr, et al. v. Superior Court, counsel for defendant corporation moved to withdraw. Counsel submitted an application to withdraw which bore the client’s written approval. No trial date had been set at that time. The court of appeals found that the motion to withdraw was timely and did not prejudice the defendant. 155 Ariz. 150, 151, 745 P.2d 208. The court also cited Arizona’s Uniform Rules of Practice for the Superior Court, Rule XII, which addresses withdrawal and substitution. Section (c)(3) states that “[n]o attorney shall be permitted to withdraw as attorney of record after an action has been set for trial....” Id. at 151, 745 P.2d 208.
In Riley, et al. v. State, counsel moved to withdraw shortly after representing the defendant at his arraignment and advised the court that he had been retained solely for that hearing. No trial date was set at the arraignment. Counsel moved to withdraw on the ground that the defendant had not paid his attorney’s fees, arguing that the defendant had adequate time to obtain other counsel without prejudice. The trial court denied the motion. The appellate court vacated the order and remanded the cause, holding that nonpayment of fees is a permissible and sufficient ground for withdrawal so long as a trial date had not been set. 165 Ariz. 138, 139, 796 P.2d 940.
The court in Riley went on to discuss Rule 6.3 of the Arizona Rules of Criminal Procedure, which states that “[n]o attorney shall be permitted to withdraw after a case has been set for trial” except under certain circumstances and that “appointed counsel may withdraw after the arraignment on the grounds of his client’s ineligibility only upon a showing that withdrawal will not disrupt the orderly processing of the case.” Rule 6.3(c), Ariz.R.Crim.P., 17 A.R.S.
However, in U. S. v. Bell, defendant’s first appointed counsel moved to withdraw subsequent to a revocation of probation hearing. On the morning of the defendant’s evidentiary hearing, defendant’s second and newly appointed counsel moved to withdraw due to a communication breakdown with her client. The trial court denied the motion, stating that filing the motion on the morning of the evidentiary hearing was untimely. The court also found that there was not a communication breakdown, only a disagreement about tactics. 9 Fed.Appx. at 735.
These cases emphasize that where the motion is both timely and the withdrawal *433 does not prejudice the defendant, then it ought to be granted.
Former Arizona Uniform Rules of Court states that an attorney shall be responsible as counsel of record in “all matters before and after judgment until the time for appeal from a judgment has expired or a judgment has become final after appeal or until there has been formal withdrawal from or substitution in the case.” Uniform Rules of Practice of the Superior Court of Arizona, Rule XII(c)(l) (1997), emphasis added. Counsel in this case formally withdrew as counsel. He gave prior notice to his client and filed a motion to withdraw at a time that was not prejudicial to his client.
Courts will also generally examine the reasons given for the withdrawal. In Riley, the court noted:
Withdrawal will not be automatically allowed. Such factors as the timing of the motion to withdraw [and] possible prejudice ... will be relevant considerations. On the other hand, a timely motion to withdraw made for bona fide reasons will normally be looked upon with favor. We emphasize that motions for leave to withdraw will be considered against the backdrop ... of the Code of Professional Responsibility.
165 Ariz. 138, 139, 796 P.2d 940, citing Allison v. State, 436 So.2d 792 (Miss.1983).
Hopi law has in fact allowed such a withdrawal in prior cases. In The Hopi Tribe v. Susie Long, 00CR000524 and in The Hopi Tribe v. Poleahla, 99CR000423, 424, 425 and 426, the court allowed counsel of record to withdraw after the defendants were placed on probation.
Counsel in the present case duly represented his client until the final judgment in this cause of action. Once the guilty plea was entered, the plea-agreement accepted, and the Defendant placed on probation, counsel and Defendant were free to go their separate ways. In this case, counsel’s motion to withdraw was not opposed to by either the Defendant or Prosecutor. Further, Defendant did not choose to hire counsel for further services in reference to his probation violations. It is, therefore, not appropriate for counsel to be forced to “wait and see” whether his previous client may again require his services at any given point during the Defendant’s probation period.
III. Allowing counsel to withdraw after the entry of a final verdict and sentencing is even more sensible when one notes that a probation violation is a new and separate matter from the original criminal offense.
Even if the Defendant were to violate the terms of his probation, counsel for Defendant should not be required to remain as counsel of record for the duration of the probation period. A probation violation, resulting in contempt of court, is a separate matter from the original offense. The Hopi Tribe v. Fredericks, Case No. 0881/90 (defendant was charged with contempt of court for failing to pay a court fine imposed after a finding of guilt and the contempt charge was deemed a separate matter from the original offense). In the present case, Defendant plead guilty pursuant to a plea-agreement and was placed on probation, the terms of which included paying court costs. His failure to pay those costs led to the issuance of an arrest warrant for contempt of court.
In the present case, however, the trial court set aside the arrest warrant, stating that the failure to pay the court fine was a condition of Defendant’s probation, and should accordingly be dealt with by the probation office.
*434 Regardless of whether a probation violation is treated as a separate offense from the original offense or as an issue that should be dealt with solely by the probation office, it does not seem necessary, or even appropriate, to require counsel to remain on record once probation has begun.
As probation violation is a separate matter, then counsel may be retained to aid in that new matter, if the defendant so desires.

CONCLUSION

Decisions on motions to withdraw are left to the trial court’s discretion and should be overturned only for an abuse of its discretion. This is such a case. Counsel’s motion to withdraw was timely and did not prejudice his client.
In general, if formal requirements are met, counsels of record should be permitted to withdraw once a final judgment has been entered, and the defendant has been placed on probation. Those formal requirements should include prior written notice to the client, followed by a written motion to withdraw. Unless the trial court finds good cause showing that withdrawal will in some way prejudice the client, the motion should be granted.

ORDER OF THE COURT

The trial court’s order denying counsel’s motion to withdraw is VACATED and REMANDED to the trial court with instructions to grant the motion.

. Arizona Revised Statutes § 12-2101 addresses judgments and orders which may be appealed. In addition to final judgments, special orders made after a final judgment may be appealed. § 12-2101(C). In the case at bar, because the order denying the motion to withdraw was issued after the final judgment in the action, the denial could be construed as a "special order."

. The Honie Court stated that "a liberal construction of the rules, as in the instant case, will be sparingly exercised by this Court and that parties and practitioners should follow the proper procedures set forth in the Hopi Indian Rules of Civil and Criminal Procedure." Practitioners, in particular, should take note that orders denying a motion to withdraw are not final judgments and are therefore not appealable.