ORDER OF DISMISSAL OF EMERGENCY EXPEDITED PETITION FOR EXTRAORDINARY WRIT OF PROHIBITION AND REQUEST FOR ACCELERATED DOCKET
We decline to accept jurisdiction of the Petitioner’s Emergency Expedited Petition for Extraordinary Writ in this matter. Petitioner has an available remedy at law. Acceptance of extraordinary writ jurisdiction is highly discretionary. We note that the Petitioner may only petition this court for an extraordinary writ only where “no other plain, speedy and adequate remedy exists.” See Harris v. Hopi Tribe, 01AC000008, 3 Am. Tribal Law 428, 2001 WL 36175991 (2001).
In this case, Petitioner may file before the trial court a motion to disqualify a judge pursuant to HIRCCP Rule 33(b). Rule 33 allows petitioner to disqualify a judge on the grounds of prejudice and bias. Then, if dissatisfied, petitioner may appeal from an adverse holding.
Petitioner petitions this court to recuse Judge LaRance from all future cases involving his advocate D. Jeffrey Porturica. That remedy is not available to Petitioner. Petitioner may move to disqualify a judge on a case-by-case basis pursuant to HIRCCP Rule 33(b). Petitioner may have no interest or standing to raise such issues in totally unrelated cases where Mr. Portu-rica is the advocate of record.
Dismissed.